FILED

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Cause No. 2:13CR 140 |
| v. ) | |
| ) | 18 U.S.C. § 2 |
| RONALD HOLMES, ) | 33 U.S.C. § 1319(c)(2)(A) (Clean Water Act |
| ) | Pretreatment Requirements) |
| Defendant. ) | |

## FELONY INFORMATION

**THE UNITED STATES ATTORNEY CHARGES:**

**AT ALL TIMES MATERIAL HEREIN:**

### COUNT 1

Introduction

1. NH Environmental Group, Inc. - doing business both as "Tierra Environmental & Industrial Services, Inc.," and as "A & C Environmental" - was an Illinois corporation and was incorporated on December 29, 2000. NH Environmental Group, Inc. ("Tierra") owned and operated a centralized waste water treatment facility located at 3821 Indianapolis Blvd., East Chicago, Indiana. Tierra collected both hazardous and non-hazardous liquid wastes from commercial customers using approximately 5,000-gallon tanker trucks and smaller vacuum trucks. After collection by Tierra, liquid wastes were transported to Tierra's East Chicago, Indiana, facility for storage, separation and/or solidification prior to being transported to a treatment or disposal facility. At times, the wastes were transported directly from a customer to a treatment or disposal facility.

1

2. Ronald Holmes, the principal owner of Tierra, also had an ownership interest in a building at 3 141st Street in Hammond, Indiana, which was a vacant industrial facility. The facility contained a sump inside that connected to the sanitary sewer system, which was connected to a publicly-owned treatment works (POTW). Both the sanitary sewer system and the POTW are operated by the Hammond Sanitary District (HSD). HSD had a Clean Water Act permit, which generally required industrial users to pretreat their industrial wastes and obtain a pretreatment permit.

3. Neither Tierra nor the building at 3 141st Street had an industrial pretreatment permit from the HSD to discharge pollutants at the 3 141st Street location into the sanitary sewer system and the POTW, nor was the 3 141st Street location a discharge point designated by HSD for the discharge of hauled or trucked pollutants.

4. From in or about 2000 until the present, RONALD HOLMES has been the owner, president, and chief executive officer of Tierra. He is familiar with substantially all aspects of the business and has been directly involved in its day-to-day operations.

Clean Water Act

5. Congress established the Clean Water Act with the objective of "restor[ing] and maintain[ing] the chemical, physical, and biological integrity of the Nation's waters." 33 U.S.C. § 1251(a). In pursuit of this goal, the Clean Water Act established a nationwide permit program, called the National Pollutant Discharge Elimination System ("NPDES"), requiring persons wishing to discharge pollutants to the waters of the United States to obtain discharge permits before doing so. 33 U.S.C. §§ 1342; 1311(a).

2

6. POTWs form a critical component of the Clean Water Act's regulatory scheme. POTWs receive wastewater via sewer systems, treat the wastewater, then discharge the treated wastewater to receiving waterways. However, POTWs are equipped to treat only a limited variety of pollutants, based on the expectation that industrial wastes will be pretreated before they are discharged into the sewer system leading to the POTWs. To ensure that POTWs comply with their NPDES permits, the Clean Water Act authorized the United States Environmental Protection Agency ("EPA") to approve pretreatment programs established by POTWs. Among other things, these POTW pretreatment programs provide that companies that discharge significant quantities of wastewater and other pollutants into the POTW must obtain a permit prior to initiating such discharges. These permits impose a number of requirements on industrial users, including, among other things, that such users pretreat wastes before discharge, that they periodically test discharges to ensure compliance with pretreatment discharge limitations, and that they submit monthly reports to the POTW providing information regarding their discharges. 40 C.F.R. §§ 403-71.

7. At all times relevant to this Information, the Hammond Sanitary District, a publicly-owned treatment works, had in place a pretreatment program that was approved by EPA.

8. 33 U.S.C. § 1319(c)(2)(A) of the Clean Water Act makes it a felony for a person to knowingly violate a requirement of a pretreatment program that has been approved by EPA.

9. In or about January 2008 through in or about June 2008 in the Northern District of Indiana and elsewhere,

**RONALD HOLMES,**

the defendant herein, knowingly violated a requirement of a pretreatment program approved by

3

EPA, in that, at a facility located at 3 141st Street in Hammond, Indiana, he knowingly caused the discharge of pollutants into the Hammond Sanitary District's publicly-owned treatment works when he had not been issued a permit by the Hammond Sanitary District to do so.

All in violation of Title 33, United States Code, Section 1319(c)(2)(A) and Title 18, United States Code, Section 2.

DAVID A. CAPP
UNITED STATES ATTORNEY

By:   s/ Toi Denise Houston
      Toi Denise Houston
      Assistant United States Attorney

By:   s/ David P. Mucha
      David P. Mucha
      Special Assistant United States Attorney

ROBERT G. DREYER
ASSISTANT ATTORNEY GENERAL
ENVIRONMENT AND NATURAL RESOURCES DIVISION

By:   s/ James A. Morgulec
      James A. Morgulec
      Senior Counsel, Environmental Crimes Section
      U.S. Department of Justice